THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEVEN N. ALLEN, JR., Defendant-Appellee.

Second District   No. 2—01—0977

Opinion filed February 4, 2003.

Glen R. Weber, State's Attorney, of Galena (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Steven N. Allen, Jr., was charged with driving while under the influence of alcohol (625 ILCS 5/11—501 (West 2000)). Defendant filed a motion *in limine* seeking to exclude the results of a blood test taken in an Iowa hospital. The trial court granted defendant's motion. The State filed a certificate of impairment and appealed. For the reasons that follow, we reverse.

The facts of this case are relatively straightforward. Defendant was involved in an automobile accident in Illinois. He was transported to a hospital in Iowa where he was treated and blood was drawn. The blood sample was tested for alcohol, among other things. The State directed a subpoena *duces tecum* to the Iowa hospital and obtained the results of the blood draw. Defendant was an Illinois resident and possessed an Illinois driver's license at the time of the accident.

The trial court relied on Iowa Code section 622.10 (Iowa Code § 622.10 (2000)) in granting defendant's motion. Section 622.10 codifies Iowa's version of the physician-patient privilege. The Supreme Court of Iowa has held that this statute bars the admission of the results of a blood test when it "was taken by medical personnel for diagnostic and treatment purposes only and not as authorized under the statutory implied consent provision." *State v. Henneberry*, 558 N.W.2d 708, 711 (Iowa 1997); see also *State v. Rains*, 574 N.W.2d 904, 914 (Iowa 1998) ("We have previously decided that the results of blood tests taken by a physician for treatment purposes are inadmissible under the physician-patient privilege").

Illinois also recognizes the physician-patient privilege (see 735 ILCS 5/8—802 (West 2000)). However, our legislature has provided an exception to the privilege for circumstances like those of the instant case (see 625 ILCS 5/11—501.4 (West 2000)). This exception allows the results of blood tests taken in the course of rendering emergency medical treatment to be admitted into evidence provided certain

circumstances (which the trial court in this case found to have occurred) are met. Thus, it appears that the laws of Iowa and this state are in conflict. The State attempts to argue that the admission of such evidence would not offend Iowa public policy; however, we find this attempt unpersuasive and will assume, for the purpose of this appeal, that a conflict does exist. Under Iowa law, the test results would be privileged; under Illinois law, they would not.

■■ In addressing choice-of-law issues, Illinois courts utilize the Restatement (Second) of Conflict of Laws (Restatement). *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 568 (2000). Barring exceptional circumstances, we apply the choice-of-law rules of Illinois to determine which state's law applies. *Sterling Finance Management, L.P. v. UBS PaineWebber, Inc.*, 336 Ill. App. 3d 442, 451-52 (2002); *cf. Boersma v. Amoco Oil Co.*, 276 Ill. App. 3d 638, 645 (1995) ("Also, for the purpose of applying these rules, the law of the forum is to be employed to determine whether a matter is substantive or procedural"). Of particular relevance to this appeal is section 139 of the Restatement (Restatement (Second) of Conflict of Laws § 139 (1971)). The First District recently adopted this section in a case involving the attorney-client privilege. *Sterling Finance Management, L.P.*, 336 Ill. App. 3d at 453. Section 139 provides as follows:

"(1) Evidence that is not privileged under the local law of the state which has the most significant relationship with the communication will be admitted, even though it would be privileged under the local law of the forum, unless the admission of such evidence would be contrary to the strong public policy of the forum.

(2) Evidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect." Restatement (Second) of Conflict of Laws § 139 (1971).

Subparagraph (2) states that where there is a conflict between the forum state and the state with the most significant relationship to the communication, the communication in question will be admitted if it is not privileged in the forum state, absent some special circumstance. This subparagraph recognizes that, despite any interest of the state with the most significant contacts with the communication, the forum state, where the communication would not be privileged, also has a strong interest in reaching the correct result in domestic litigation and the admission of relevant facts leading to such a result. Restatement (Second) of Conflict of Laws § 139, Comment *c* (1971).

In the instant case, Iowa is the state with the most significant

contact with the communication. According to the Restatement, "[t]he state which has the most significant relationship with a communication will usually be the state where the communication took place." Restatement (Second) of Conflict of Laws § 139, Comment *e* (1971). As noted above, the test results would be inadmissible in Iowa; however, they would not be privileged in Illinois. Section 139 directs that under such circumstances, Illinois, as the forum state, should admit them, absent some "special reason" that Illinois's policy favoring admission should be ignored. Restatement (Second) of Conflict of Laws § 139(2) (1971).

■ ■ In determining whether such a "special reason" exists, the Restatement provides the following guidance:

> "Among the factors that the forum will consider in determining whether or not to admit the evidence are (1) the number and nature of the contacts that the state of the forum has with the parties and with the transaction involved, (2) the relative materiality of the evidence that is sought to be excluded, (3) the kind of privilege involved and (4) fairness to the parties." Restatement (Second) of Conflict of Laws § 139, Comment *d* (1971).

Applying these factors to the case at bar, we find no "special reason" sufficient to override Illinois's pro-admission policy. Regarding the first factor, the contacts between Illinois and the parties are significant. Defendant is an Illinois resident, and the other party in this case is Illinois itself. Defendant was licensed to drive by this state. The offense at issue occurred in Illinois; hence, defendant is alleged to have violated the law of this state. The accident in which defendant was involved also occurred here. Moreover, that defendant was taken to an Iowa hospital appears to be a mere fortuity. Had the accident occurred in a different location, it is probable that defendant would have been taken to a different hospital. The first factor weighs against giving effect to Iowa's privilege.

The second factor enunciated in the Restatement also favors admission of the blood-test results. The evidence sought to be excluded is highly material. The offense with which defendant is charged makes it illegal to drive while "the alcohol concentration in the person's blood or breath is 0.08 or more." 625 ILCS 5/11—501(a)(1) (West 2000). Thus, defendant's blood-alcohol content goes to the heart of the case.

The third factor, the type of privilege involved, favors defendant's position. The physician-patient privilege is old and well established. Our legislature recognized this privilege in 1959. See 735 ILCS 5/8—802 (West 2000). The privilege was recognized even earlier in Iowa (see, *e.g.*, *Jacobs v. City of Cedar Rapids*, 181 Iowa 407, 164 N.W. 891

(1917)), and most states have adopted some form of the privilege (K. Broun, *Giving Codification a Second Chance—Testimonial Privileges and the Federal Rules of Evidence*, 53 Hastings L.J. 769, 807 (2002)). A foreign privilege of a type that is well established is entitled to more deference than one that is relatively novel. Restatement (Second) of Conflict of Laws § 139, Comment *d* (1971).

Finally, the fourth factor, fairness to the parties, may slightly favor defendant. Defendant points out that the record is silent as to whether he was aware of the Iowa privilege. The Restatement notes that reliance upon a privilege may be found where, though a party is ignorant of the actual privilege, the communication is of the type that is typically regarded as confidential. Restatement (Second) of Conflict of Laws § 139, Comment *d* (1971). For the purpose of resolving this appeal, we will assume that defendant relied on Iowa's privilege.

Thus, the first two factors weigh in favor of admitting the test results, and the latter two militate toward an opposite conclusion. Taking these factors into consideration, we cannot say that there is some "special reason" for overriding Illinois's policy favoring the admission of such evidence. Accordingly, we conclude that the trial court erred in granting defendant's motion *in limine*.

In an analogous situation, the First District found that Illinois's narrower attorney-client privilege would apply in a choice-of-law case. See *Sterling Finance Management, L.P.*, 336 Ill. App. 3d at 455. The court made the following observation, which we find instructive:

> "In view of the fact that Illinois does recognize the privilege, in the first instance, but construes it strictly in the corporate context, we cannot foresee any situation where a special reason would exist not to give effect to this clear, strongly articulated policy in favor of another state's broader corporate attorney-client privilege." *Sterling Finance Management, L.P.*, 336 Ill. App. 3d at 455.

Similarly, Illinois recognizes the physician-patient privilege, but our legislature has provided an exception for situations like the one confronting us now (625 ILCS 5/11—501.4 (West 2000)). That the legislature has created an exception to such a well-established privilege is a strong indicator of the degree to which this state favors the admission of the type of evidence at issue in the instant case.

In light of the foregoing, we reverse the order of the circuit court of Jo Daviess County granting defendant's motion to exclude this evidence. This cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

O'MALLEY and BYRNE, JJ., concur.